Milton Alberto **MARTINEZ–AVELAR**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–72489.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

Shan D. Potts, Esq., Robert G. Berke, Esq., Berke Law Offices, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., John J. Andre, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Milton Alberto Martinez–Avelar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's order of removal. We

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

516

have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo due process challenges to immigration decisions, *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004), and review for substantial evidence the agency's determination regarding continuous physical presence in the United States, *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir.2004). We deny in part and dismiss in part the petition for review.

The agency correctly determined that Martinez–Avelar could not demonstrate the requisite period of continuous physical presence prior to service of the notice to appear on June 27, 2001, because Martinez–Avelar conceded that he was not physically present in the United States between approximately October 1993 and January 2000. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(2).

Martinez–Avelar contends that the agency violated his procedural due process rights when it did not reinstate his prior deportation order, pursuant to 8 U.S.C. § 1231(a)(5). We lack jurisdiction to consider this contention because he did not raise it before the agency. *See Barron,* 358 F.3d at 677.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**